UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALICIA MARSH,

               Plaintiff,

     v.

HEALTHFIRST HEALTH PLAN, et al.,

               Defendants.

**MEMORANDUM & ORDER**
25-CV-5520 (HG) (LKE)

**HECTOR GONZALEZ**, United States District Judge:

*Pro se* Plaintiff Alicia Marsh commenced this action on September 29, 2025. *See* ECF No. 1 (Complaint).[1] On November 5, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and dismissed the Complaint for failure to state a claim and with leave to amend. *See* ECF No. 8 (Dismissal Order). Plaintiff amended her complaint on December 5, 2025, *see* ECF No. 9 (First Amended Complaint, "FAC"), and again on April 25, 2026, *see* ECF No. 12 (Second Amended Complaint, "SAC").[2] For the reasons stated below, the action is DISMISSED.

---

[1]    Unless otherwise indicated, when quoting cases and Plaintiff's complaint, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2]    By filing the SAC, the FAC became moot. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.").

## BACKGROUND[3]

Plaintiff is a Medicaid beneficiary who has Type 1 diabetes and requires daily insulin. This action arises from her unsuccessful attempt to refill a prescription for a specific brand of insulin injections, Tresiba, on October 1, 2024. *See generally* SAC.

### A. Original Complaint

The original complaint named New York State agencies, private organizations, and their employees as defendants. Plaintiff alleged that these entities and individuals delayed her access to her medication for a four-day period in October 2024, leading her to experience serious medical complications in February 2025. *See* ECF No. 1 at 2. She alleged that Defendants' temporary denial and delay in providing her medication violated the Medicaid Act, 42 U.S.C. § 1396a(a)(8); Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; unspecified constitutional rights; and various provisions of New York State law. *See* ECF No. 1 at 3. Plaintiff requested more than $5 million in damages, declaratory relief, and an injunction "requiring Defendants to ensure uninterrupted insulin access." *Id.* at 4. The Court dismissed Plaintiff's complaint because she failed to state a claim against any of the private defendants, and the named New York State agencies had sovereign immunity. *See* ECF No. 8 at 3–7.

### B. Second Amended Complaint

The SAC drops Plaintiff's claims against state agencies and names an individual state actor, the Commissioner of the New York State Department of Health, and additional private

---

[3] The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

entities and their employees.  Nevertheless, the SAC fails to address the principal deficiencies of the original complaint.

Plaintiff alleges that on September 30, 2024, she requested a refill of her Tresiba prescription from her medical provider, who then contacted the pharmacy and confirmed the prescription.  *See* SAC ¶ 51; ECF No. 12-1 at 9 (SAC Exhibits).  The following evening, when Plaintiff arrived at Walgreens Pharmacy #21349, she was informed that prior authorization was required to fill the prescription due to a change in her insurance coverage.  *See* SAC ¶ 52; ECF No. 12-1 at 9.  Plaintiff contacted her insurer, Healthfirst Health Plan, Inc. ("Healthfirst"), and New York's Medicaid Pharmacy Program, NYRx, to request an emergency override, but they refused to provide an emergency override and "continued to subject Plaintiff to administrative delays."  *See* SAC ¶¶ 54–55, 66.  Although Plaintiff received insulin within four days, it was not the Tresiba brand that she preferred.  *See* ECF No. 12-1 at 10–11.

The SAC names eight defendants:  (i) Healthfirst, a private health insurer that contracts with New York state to offer health coverage for Medicaid-eligible individuals; (ii) Prime Therapeutics LLC ("Prime"), a private pharmacy benefits manager that partners with private insurers and with NYRx; (iii) Walgreens Boots Alliance, Inc. ("WBA"); (iv) Walgreens Pharmacy #21349 in Queens ("Walgreens"), the pharmacy where Plaintiff sought to refill her prescription; (v) Tiffany Li, the manager of Walgreens; (vi)  Lili, a Healthfirst employee whose last name is unknown; (vii)  Henry, a Walgreens pharmacist whose last name is unknown (together with the preceding six Defendants, collectively referred to as the "Private Defendants"); and (viii) James V. McDonald, in his official capacity as the Commissioner of the New York State Department of Health ("McDonald") .  *See* SAC ¶¶  10–17.

Plaintiff alleges that Defendants' failure to grant an emergency override and promptly dispense her medicine violated the Medicaid Act, 42 U.S.C. § 1396a(a)(8); Title II of the ADA, 42 U.S.C. § 12132; Section 504(a) of the Rehabilitation Act, 29 U.S.C. § 794; the due process clause of the Fourteenth Amendment, U.S. Const. amend. XIV; and constituted negligence under New York State law.  Plaintiff seeks at least $25 million in damages, among other relief.  *See* SAC at 22–23.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").  A district court shall review an IFP action and dismiss where it finds that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

**II.      Section 1983 Claims**

None of Plaintiff's claims brought under § 1983 for alleged violations of the due process clause or the Medicaid Act survive dismissal.

*A.      Private Defendants*

Section 1983 provides a cause of action when the harm was "committed by a person acting under color of state law," and the action "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Although Plaintiff alleges that "Defendants acted under color of state law in administering Medicaid pharmacy benefits," SAC ¶ 18, the Private Defendants are private actors to whom § 1983 does not apply. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]").[4]

As the Court has already explained to Plaintiff, *see* ECF No. 8 at 5–6, a private entity does not become a state actor merely because it performs under a state contract, accepts state or federal funds, or is subject to state regulation. *See Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) ("A finding of state action may not be premised solely on the private entity's creation, funding, licensing, or regulation by the government."); *Rendell-Baker v. Kohn*,

---

[4]      Plaintiff incorrectly claims that *Health and Hospital Corp. v. Talevski*, 599 U.S. 166 (2023), permits Medicaid beneficiaries to "enforce federal rights through 42 U.S.C. § 1983 against both state actors and private contractors performing delegated governmental functions." SAC ¶ 19. But the holding in that case was far narrower. *Talevski* merely affirmed nursing home residents' right to enforce the Federal Nursing Home Reform Act against county-run nursing homes; it did not broadly extend § 1983 liability to private contractors. *See Talevski*, 599 U.S. at 172. In any event, the SAC does not allege that any of the Private Defendants were performing delegated government functions, much less plead facts sufficient to make such an allegation plausible.

5

457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State.").

Moreover, "[a] defendant is not a state actor simply because it participated in Medicare and Medicaid programs." *Houston v. Highland Care Ctr., Inc.,* No. 23-cv-8186, 2024 WL 638721, at *2 (E.D.N.Y. Jan. 26, 2024); *see also Veldhuis v. Geico Gen. Ins. Co.*, No. 22-cv-1042, 2023 WL 319576, at *4 (D. Conn. Jan. 19, 2023) ("The Supreme Court has rejected an argument that a private insurance company constitutes a 'state actor' for purposes of § 1983 simply because the insurance company is subject to state regulation."). "[A] private insurer's decision to withhold payment for disputed medical treatment is not an action fairly attributable to the State such as to make the private insurer a state actor for the purpose of Section 1983 liability." *Holmes v. Health First*, No. 22-cv-6683, 2022 WL 4134700, at *2 (S.D.N.Y. Sept. 8, 2022). "Accordingly, while private companies frequently administer health benefits and insurance plans, providing health insurance (even if funded by the government) does not transform a private health-insurance provider into a state actor." *Id.*

Plaintiff has provided no basis for finding that any of the private defendants acted on behalf of the state or that the state was responsible for their conduct. *See, e.g., Umeze v. New York State Dep't of Health*, No. 24-cv-7425, 2025 WL 2733451, at *9 (S.D.N.Y. Sept. 25, 2025) (dismissing § 1983 claims against Healthfirst because the plaintiff failed to plausibly allege that the State was responsible for Healthfirst's specific conduct). The Court therefore dismisses

Plaintiff's claims under § 1983 against the Private Defendants for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

> B.    *Defendant McDonald*

Plaintiff's § 1983 claims against Defendant McDonald are also dismissed.  As Commissioner of the New York State Department of Health ("NYSDOH"), he is immune from suit for damages.  The Court has already explained to Plaintiff that the state's Eleventh Amendment immunity applies to state officials acting in their official capacity.  *See* ECF No. 8 at 3–4; *see also, e.g.*, *Coleman v. Beale*, 636 F. Supp. 2d 207, 212 (W.D.N.Y. 2009) ("Claims against state employees in their official capacity are deemed claims against the state itself, and are barred by the Eleventh Amendment.").  And Plaintiff fails to state a § 1983 claim for any other relief because the SAC does not allege any personal involvement by him.  *See Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant."); *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Therefore, Plaintiff's § 1983 claims against McDonald are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

### III.    Disability Claims

The SAC alleges that Defendants violated Title II of the ADA and Section 504(a) of the Rehabilitation Act because they "denied Plaintiff meaningful access to medically necessary services by failing to provide or facilitate access to prescribed insulin during a known medical emergency."  *See* SAC ¶¶ 127, 141.  Both claims require dismissal.

### A.    Title II of the ADA

Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a claim for relief under Title II, Plaintiff must allege facts to plausibly show: "(1) that she is a qualified individual with a disability; (2) that she was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to her disability."  *Tardif v. City of New York*, 991 F.3d 394, 404 (2d Cir. 2021).  She fails to do so.

To start with, Title II does not apply to the Private Defendants.  "Title II of the ADA applies only to public entities."  *Green v. City of New York*, 465 F.3d 65, 74 (2d Cir. 2006) (dismissing Title II claim against a private hospital defendant because it was not a public entity subject to suit); *Charles v. City of New York*, No. 23-cv-3108, 2026 WL 670174, at *7 (E.D.N.Y. Mar. 10, 2026) (dismissing Title II claims because "[a]n individual cannot be a public entity").

Nor does Plaintiff fix the original complaint's pleading deficiencies for the remaining Defendant, McDonald.  The Court previously dismissed Plaintiff's Title II claim because the original complaint failed to allege that Plaintiff was excluded from participation in or denied benefits or services because of her disability, that she was treated differently from non-disabled individuals, or that non-disabled individuals had faster access to drugs requiring prior authorization.  *See* ECF No. 8 at 7.  The SAC remains similarly devoid of any factual allegations plausibly suggesting the causal element, *i.e.*, that McDonald discriminated against Plaintiff because of her disability.  Therefore, Plaintiff's claims under Title II of the ADA are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

8

### B. Section 504 of the Rehabilitation Act

Section 504(a) of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). To establish a violation of the Rehabilitation Act, Plaintiff must show that (1) she is an individual with a disability; (2) she is otherwise qualified for benefits under a federally funded program; and (3) she has been denied those benefits solely because of her disability. *See Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 216 (2d Cir. 2012). As with the Title II claim, the SAC fails to allege that Plaintiff was denied any benefits because of her disability. Therefore, the Section 504(a) claim must also be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. State Law Claims

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Chinniah v. FERC*, 62 F.4th 700, 703 (2d Cir. 2023) (citing *Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013)).

### CONCLUSION

For the reasons set forth above, all federal claims in the SAC, filed IFP, are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 12. Any state law claims are DISMISSED without prejudice. The Court denies Plaintiff leave to amend. *See Cuoco v.*

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (explaining that where the problem with a complaint is "substantive[,] better pleading will not cure it" and leave to amend should be denied as futile). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
May 21, 2026

10